

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Tom Seay
County Attorney
Potter County
Amarillo, Texas

Dear Sir:

Opinion No. O-2563
Re: Whether a described advertising
plan is a violation of the lot-
tery law.

We have carefully considered the question pre-
sented in your letter of July 19, 1940, wherein you request
the opinion of this department as to whether or not the
"Free Cash Gift Award" as described in the circular which
you attached to your letter, and as practiced or proposed
to be practiced by a drug store, constitutes a lottery in
violation of Article 654 of the Penal Code.

The circular which you attached as descriptive of
this plan, reads as follows:

"F R E E    C A S H!

GIFT AWARD

A CASH GIFT AWARD EVERY DAY
(SUNDAYS AND LEGAL HOLIDAYS EXCEPTED)

"In order that every person in this city
and in the surrounding territory may know more
about our Drug Store and more about the complete
lines of merchandise that we carry at the very
lowest prices, and so that you may visit our store
and see our well stocked prescription department
and make the acquaintance of our fine staff of
employees, and that we may meet you and know you
personally and be able to serve you better, we
have adopted an advertising plan whereby a substan-
tial cash award will be made to the public every
day except Sundan and legal holidays.

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Honorable Tom Seay, page 2

"The rules of this plan are as follows:--

1. Every person who participates must fill out one only permanent registration card giving his true name and correct address. Fictitious names will not be considered and those using them will not be allowed to participate. This registration card makes a person eligible but such person must sign the daily register book every day in order to qualify for that day's cash gift award.

2. It is not necessary for the public to make a purchase in order to participate.

3. Cash gift awards will be made at 3:30 P.M. every day (Sundays and holidays excepted).

4. Information relative to the awards will be posted in our windows and store.

5. It is not necessary for participants to be present at the time of the drawing to receive the cash gift awards.

6. Every day some disinterested person will draw a number stub from the box, such numbered stub being the winning number for that day.

7. In the event that the name of the person holding the winning number does not appear on the daily register, $1.00 will be added every day until the gift award is made to some person in the community whose name appears on the daily register.

8. In case of any dispute, the merchant's decision shall be final.

9. Store employees, their families and relatives, are not eligible to participate or receive the cash gift awards.

10. IF YOU HAVE NOT REGISTERED, PLEASE DO SO AT ONCE."

Your letter further states:

"It is contended that such scheme does not constitute a lottery, because there is no consideration involved and that chances are freely and openly given to all persons desiring same, without regard to whether a purchase is made from the merchants participating or not.

"We believe it to be the general rule that in order to constitute a lottery there must be three elements present, to-wit, (1) consideration, (2) chance, and (3) prize, and that all three such elements must be present. . . ."

We believe that Opinion No. 0-2063, as previously given by this office to Honorable Fred T. Porter, County Attorney of Kaufman County, is directly in point for the case you have at hand. We attach hereto a copy of that opinion. As you will observe, this "Box Office Insurance" was obtainable from the motion picture theatre by a mere act of registration, without requisite attendance at the theatre. Also, the winner of the award did not have to be present at the theatre, but his name as winner was posted in the lobby, and he could collect the money at any time within thirty days; or upon his failure to present himself to receive the money, the said sum would be given to the Farent teachers Association.

Opinion No. 0-2063 acknowledges the readily apparent qualities of chance and prize, and devotes itself chiefly to the question of consideration. In this respect the cases of Cole vs. State, 112 S. W. (2d) 725, State vs. Robb and Rowley United, Inc., 118 S. W. 917, and Featherstone vs. Independent Service Station Association, 10 S. W. (2d) 124, are cited as instances wherein the courts have held that the consideration involved although to a degree intangible was nevertheless effective, and that the absence of an actual required purchase or other investment on the part of the would-be recipient of the prize, was not sufficient to relieve the practice in question of the stigma of coming under the classification of a lottery.

Honorable Tom Seay, page 4

       In view of the authorities cited in Opinion No. O-2063, and the parallel circumstances which these cases have to the case which you present, you are respectfully advised that it is the opinion of this department that the scheme described by you and upon which you request an opinion does constitute a lottery in violation of Article 654 of the Penal Code of this State.

                                Very truly yours

APPROVED AUG 5, 1940

FIRST ASSISTANT
ATTORNEY GENERAL

                         ATTORNEY GENERAL OF TEXAS

By                                 
                            Walter R. Koch
                              Assistant

WRK:jm

Encl.



APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN